IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GENERAL ELECTRIC COMPANY, | § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No. _____ |
| MITSUBISHI HEAVY INDUSTRIES, LTD., MITSUBISHI HEAVY INDUSTRIES AMERICA, INC., and MITSUBISHI POWER SYSTEMS AMERICAS, INC., | § § § § § § | |
| Defendants. | § § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff General Electric Company ("GE") files this Complaint against defendants Mitsubishi Heavy Industries, Ltd. ("Mitsubishi"), Mitsubishi Heavy Industries America, Inc. ("Mitsubishi HIA"), and Mitsubishi Power Systems Americas, Inc. ("Mitsubishi PSA") (collectively, "Mitsubishi Defendants"), based upon actual knowledge as to itself and its own actions, and upon information and belief as to all other persons and events, as follows:

**Parties**

1. GE is a New York corporation with its principal place of business in Fairfield, Connecticut. GE is the assignee and owns all right, title, and interest to U.S. Patent Numbers 5,083,039, 6,921,985, and 7,321,221, referred to below as the '039 Patent, the '985 Patent, and the '221 Patent, respectively, and collectively as the GE Patents.

2. Mitsubishi is a Japanese corporation with its principal place of business in Tokyo, Japan. It engages in the development, manufacture, and distribution of variable speed wind turbines and components. Mitsubishi may be served with process by service in accordance with the Hague Service Convention or other appropriate processes.

3. Mitsubishi HIA is a wholly-owned U.S. subsidiary of Mitsubishi with its principal place of business in New York, New York. It engages in the distribution of variable speed wind turbines and components. It may be served with process by service on its registered agent for service, CT Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

4. Mitsubishi PSA is a subsidiary of Mitsubishi with its principal place of business located in Lake Mary, Florida. It engages in the distribution of variable speed wind turbines and components. It may be served with process by service on its registered agent for service, CT Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

## Jurisdiction and Venue

5. This claim arises under the United States patent laws, 35 U.S.C. § 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. The Mitsubishi Defendants have regularly engaged in business in this State and District and purposefully availed themselves of the privilege of conducting business in this District, for example, by offering for sale, selling, and installing variable speed wind turbines at the Peñascal and Gulf Wind wind farms in Kenedy County, Texas in this District and Division. These activities infringe the GE Patents. Accordingly, this Court has personal jurisdiction over the Mitsubishi Defendants.

7. Venue is proper in this District and Division, under 28 U.S.C. §§ 1391 and 1400. The Mitsubishi Defendants do business, have infringed, and continue to infringe the GE Patents within this District and Division.

## Factual Background

8. On January 21, 1992, after a full and fair examination, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,083,039, entitled "VARIABLE SPEED WIND TURBINE." A true and correct copy of the '039 Patent is attached

as Exhibit A.  Since its issuance, the '039 Patent has been in full force and effect.  GE owns all right, title, and interest to the '039 patent, including the right to sue for past, present, and future infringements.

9. On July 26, 2005, after a full and fair examination, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,921,985, entitled "LOW VOLTAGE RIDE THROUGH FOR WIND TURBINE GENERATORS."  A true and correct copy of the '985 Patent is attached as Exhibit B.  Since its issuance to GE, the '985 Patent has been in full force and effect.  GE owns all right, title, and interest to the '985 Patent, including the right to sue for past, present, and future infringements.

10. On January 22, 2008, after a full and fair examination, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,321,221, entitled "METHOD FOR OPERATING A WIND POWER PLANT AND METHOD FOR OPERATING IT."  A true and correct copy of the '221 Patent is attached as Exhibit C.  Since its issuance to GE, the '221 Patent has been in full force and effect.  GE owns all right, title, and interest to the '221 Patent, including the right to sue for past, present, and future infringements.

**Proceedings Before the U.S. International Trade Commission**

11. On February 26, 2008, GE filed a Complaint against the Mitsubishi Defendants before the United States International Trade Commission, titled "In The Matter Of Certain Variable Speed Wind Turbines and Components Thereof" ("ITC Case").  The Complaint initially related to the '039 Patent and the '985 Patent, but was amended to include the '221 Patent.  The ITC instituted Investigation 337-TA-641.

12. After extensive discovery, hearings in the ITC Case were held in May 2009. On August 7, 2009, the Administrative Law Judge duly issued an Initial Determination on

the question of violations of Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 337. A copy of the August 7, 2009 Initial Determination is attached as Exhibit D.

13. In the Initial Determination, the Administrative Law Judge noted that Mitsubishi and Mitsubishi PSA stipulate that they "have sold for importation, imported and, or, sold after importation into the United States, the accused [wind turbines]." Exh. D at 15.

14. In the Initial Determination, the Administrative Law Judge held that the Mitsubishi Defendants had not successfully challenged the validity and enforceability of the GE Patents and that the Mitsubishi Defendants' accused wind turbines infringe claims of the GE Patents. Exh. D at 123-24.

**Count 1 – Mitsubishi Defendants' Infringement of U.S. Patent No. 5,083,039**

15. GE incorporates by reference the material factual allegations above.

16. The Mitsubishi Defendants have infringed and are continuing to infringe the '039 Patent by engaging in acts including making, using, selling, or offering to sell within the United States, or importing into the United States, products that embody the patented invention described and claimed in the '039 Patent, including, for example, Mitsubishi's 2.4MW wind turbine models.

17. Furthermore, the Mitsubishi Defendants have induced infringement of the '039 Patent and/or have committed acts of contributory infringement of the '039 Patent.

18. The Mitsubishi Defendants' activities have been without express or implied license from GE.

19. The Mitsubishi Defendants will continue to infringe the '039 Patent unless enjoined by this Court. As a result of the Mitsubishi Defendants' infringing conduct, GE has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at

law. GE is entitled to preliminary and permanent injunctive relief against such infringement, under 35 U.S.C. § 283.

20. As a result of the infringement of the '039 Patent, GE has been damaged, will be further damaged, and is entitled to be compensated for such damages, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial.

**Count 2 – Mitsubishi Defendants' Infringement of U.S. Patent No. 6,921,985**

21. GE incorporates by reference the material factual allegations above.

22. The Mitsubishi Defendants have infringed and are continuing to infringe the '985 Patent by engaging in acts including making, using, selling, or offering to sell within the United States, or importing into the United States, products that embody the patented invention described and claimed in the '985 Patent, including, for example, Mitsubishi's 2.4MW wind turbine models.

23. Furthermore, the Mitsubishi Defendants have induced infringement of the '985 Patent and/or have committed acts of contributory infringement of the '985 Patent.

24. The Mitsubishi Defendants' activities have been without express or implied license from GE.

25. The Mitsubishi Defendants will continue to infringe the '985 Patent unless enjoined by this Court. As a result of the Mitsubishi Defendants' infringing conduct, GE has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. GE is entitled to preliminary and permanent injunctive relief against such infringement, under 35 U.S.C. § 283.

26. As a result of the infringement of the '985 Patent, GE has been damaged, will be further damaged, and is entitled to be compensated for such damages, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial.

**Count 3 – Mitsubishi Defendants' Infringement of U.S. Patent No. 7,321,221**

27. GE incorporates by reference the material factual allegations above.

28. The Mitsubishi Defendants have infringed and are continuing to infringe the '221 Patent by engaging in acts including making, using, selling, or offering to sell within the United States, or importing into the United States, products that embody the patented invention described and claimed in the '221 Patent, including, for example, Mitsubishi's 2.4MW wind turbine models.

29. Furthermore, the Mitsubishi Defendants have induced infringement of the '221 Patent and/or have committed acts of contributory infringement of the '221 Patent.

30. The Mitsubishi Defendants' activities have been without express or implied license from GE.

31. The Mitsubishi Defendants will continue to infringe the '221 Patent unless enjoined by this Court. As a result of the Mitsubishi Defendants' infringing conduct, GE has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. GE is entitled to preliminary and permanent injunctive relief against such infringement, under 35 U.S.C. § 283.

32. As a result of the infringement of the '221 Patent, GE has been damaged, will be further damaged, and is entitled to be compensated for such damages, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial.

**Willful Infringement**

33. GE incorporates by reference the material factual allegations above.

34. The Mitsubishi Defendants' past and continuing infringement of the '039 Patent, '985 Patent, and '221 Patent has been deliberate and willful. Their conduct warrants an

award of treble damages, pursuant to 35 U.S.C. § 284, and this is an exceptional case justifying an award of attorney fees to GE, pursuant to 35 U.S.C. § 285.

## Jury Trial Demand

35.　　GE demands a trial by jury on all appropriate issues.

## Prayer for Relief

Therefore, upon final hearing or trial, plaintiff GE prays for the following relief:

(a)　　A judgment that the Mitsubishi Defendants have infringed the '039 Patent;

(b)　　A judgment that the Mitsubishi Defendants have infringed the '985 Patent;

(c)　　A judgment that the Mitsubishi Defendants have infringed the '221 Patent;

(d)　　A judgment and order permanently restraining and enjoining the Mitsubishi Defendants, their directors, officers, employees, servants, agents, affiliates, subsidiaries, others controlled by them, and all persons in active concert or participation with any of them, from further infringing the GE Patents;

(e)　　A judgment and order requiring the Mitsubishi Defendants to pay damages to GE adequate to compensate it for the Mitsubishi Defendants' wrongful infringing acts, in accordance with 35 U.S.C. § 284;

(f)　　A judgment and order requiring the Mitsubishi Defendants to pay increased damages up to three times, in view of their willful and deliberate infringement of the GE Patents;

(g)　　A finding in favor of GE that this is an exceptional case, under 35 U.S.C. § 285, and an award to GE of its costs, including its reasonable attorney fees and other expenses incurred in connection with this action;

(h)　　A judgment and order requiring the Mitsubishi Defendants to pay to GE pre-judgment interest under 35 U.S.C. § 284, and post-judgment interest under 28 U.S.C. § 1961, on all damages awarded; and

(i)　　Such other costs and further relief, to which GE is entitled.

- 8 -

Dated:  September 3, 2009

Of Counsel:

Yetter, Warden & Coleman, L.L.P.
Pamela L. Hohensee
State Bar No. 09812250
Fed. ID No. 18320
Thomas M. Morrow
State Bar. No. 24039076
Fed. ID No. 4552302
909 Fannin, Suite 3600
Houston, Texas  77010
(713) 632-8000
(713) 632-8002 (Fax)

Respectfully submitted,

/s/ Paul Yetter
R. Paul Yetter
State Bar No. 22154200
Fed. ID No. 3639
Yetter, Warden & Coleman, L.L.P.
909 Fannin, Suite 3600
Houston, Texas  77010
(713) 632-8000
(713) 632-8002 (Fax)

Attorney-in-Charge for Plaintiff
General Electric Company